TAYLOR & WIFE, Respondents, *vs.* ULRICI & WIFE, Appellants.

1. P. by deed of gift, conveyed the eastern half of a lot of ground to his daughter, E. Afterwards, by his last will, he devised the western half to his daughter, T. P. really owned but an undivided half of the lot. The other undivided half belonged to his children in right of their deceased mother, by virtue of the provisions of a marriage contract. E. did many acts recognizing the validity of the will, such as conveying away property devised to her, &c. T. instituted a proceeding in the nature of a bill *quia timet*, to be quieted in her title to the portion of the lot devised to her. *Held*, such a proceeding could not be maintained, under the circumstances.

*Appeal from St. Louis Circuit Court.*

*E. & B. Bates* and *T. Polk*, for appellants. 1. The court erred, in finding that the facts in evidence showed an election by Ulrici and wife to take under the will, in any such manner as to bar them from claiming their rights otherwise acquired. The deed and will are to be taken together, and by them Gabriel made a complete division of his property among his children. If there was any election by the appellants, it was an election to stand by the disposition of Gabriel Paul, whether made by deed or will, or both. 2. This proceeding being purely equitable, the plaintiffs should have been compelled to do equity before receiving equitable relief. If then the title to the western portion of the lot was vested in them, the title to the eastern portion should have been vested in the defendants. The court had power to do complete justice between the parties, even though, in so doing, equitable relief was given to the defendants, without a cross bill. Story's Eq. Pl. §313, §394; also note 1, p. 314, and authorities there cited. *Fife v. Clayton*, 13 Vesey, 546. *Mortimer v. Orchard*, 2 Vesey, 243. *Ayliffe v. Murray*, 2 Atk. 59. *Patison v. Hull*, 9 Cow. 747. Walker's Ch. Rep. 170. 2 Schoales & Lefroy, 707, 718. If, however, the court had no power to give the defendants relief, then the relief sought by the plaintiffs should have

been refused.   3. Even if the defendants had made an elec-
tion, there was no ground for the relief asked by the plaintiffs.
There was no evidence of any intention to disturb the title of
the plaintiffs, and if there had been, such an intention would
have been futile, because the defendants had no title.   The
marriage contract did not operate to vest in Mrs. Paul or her
children any title to property acquired by her husband in his
life-time, and during the marriage.   4. The court could not
compel an election against a *feme covert.*   2 Story's Eq. 359,
§1097.   3 Mylne & Craig, 171.

   *Haight & Shepley,* for respondents.   This case depends
upon the doctrine of election.   The principle is, that no person
shall claim under and in opposition to the same instrument.   A
party shall not claim under an instrument, without giving full
effect to that instrument, as far as he can.   Worthington on
Wills, 444.   Election is peculiarly a subject of equity juris-
prudence.   2 Story's Eq. 341 to 360.   *Dillon* v. *Parker,* 1
Swanston's Rep. 359.   If Ulrici desired any relief against the
plaintiffs, he should have filed a cross bill.   He was not enti-
tled to it upon his answer, which is nothing more than a plea
in bar.   1 Barbour's Ch. Practice, 126.   Lubé's Eq. Pl. ch.
4, sec. 4, p. 89.   Cooper's Eq. Pl. 85.   Mitford's Pl.
*Hare* v. *Collins,* 1 Hogan, 193.   *Patison* v. *Hull,* 9 Cow.
747, 756.   11 Wheat. 446.   Walker's Ch. Rep. 170.   1
Gilm. 470.   4 Ala. Rep. 452.   *Troup* v. *Haight,* Hopkins'
Rep. 239.   *Talbot* v. *McGee,* 4 Monroe, 375.   2 J. J.
Marsh. 443.   6 Monroe, 419.   2 Litt. 55.   3 Stewart (Ala.)
Rep. 233.   The case cited in 2 *Schoales & Lefroy,* is not in
point.   There relief was given as between *co-defendants.*
Lord Eldon says :  " Where a case is made out between defend-
ants, by evidence arising from *pleadings* and *proofs* between
plaintiffs and defendants, a court of equity is entitled to make
a decree between defendants."   The same rule has been fol-
lowed in this country.   1 Paige, 268.   1 Bland, 404.   In
Kentucky and North Carolina, however, they hold differently.
4 Monroe, 375.   1 Dev. & Batt. Eq. Rep. 199.

SCOTT, Judge, delivered the opinion of the court.

This is a proceeding which, under the old system, would be termed a bill *quia timet*, the object of which is, to quiet the plaintiffs in the possession of lands which they now enjoy. Gabriel Paul and Louisa Chouteau, the father and mother of plaintiff and defendant's wives, were married on the 28th March, 1818, and prior to and in contemplation thereof, they made a contract by which it was stipulated that all the property and effects which should come to either of them during its continuance, should, in the event of death, without children, go to the survivor; if there should be children, then the portion of the party dying should descend to them in equal shares. A community having been established, the share of each, under the contract, was one half.

On the 17th June, 1818, during the marriage, Gabriel Paul purchased of René Paul a lot between Olive and Locust streets, fronting on Main, and running east to the river, which will be known as the Tontine property, for the purposes of this case.

In November, 1832, Louise, the wife of Gabriel Paul, died, leaving him survivor and four children, Estelle, wife of Ulrici, the defendant; Therese, wife of Taylor, the plaintiff; Adolph and Aglai. Aglai died in youth, without children.

On the 29th July, 1841, Madame Therese Chouteau, the grandmother of the children just above named, conveyed to Gabriel Paul, for life, remainder in fee to his children, three lots, one known as the Alexander House, one the Paul House, and the third a lot fronting on Main street, between Market and Walnut streets. These lots were immediately entered upon by G. Paul, and extensive improvements were made upon them.

On the 5th day of December, 1843, Gabriel Paul, for love and affection, conveyed the eastern portion of the Tontine property to his daughter, Estelle, the wife of the defendant, Ulrici. The deed was with a warranty, and the property conveyed by it was subject to the provisions of the marriage con-

tract between Paul and his wife, as it was acquired during the marriage. Ulrici, in 1849, erected a new and valuable building upon this lot.

On the 9th day of August, 1846, Gabriel Paul died, having made a last will and testament. By this he disposed of all the property that belonged to him amongst his three children, Estelle, Therese and Adolph. To Estelle, among other lands and lots, he devised the Alexander House, mentioned before, as being conveyed by Madame Therese Chouteau to G. Paul and his children. To his son, Adolph, among other things, he gave the lot fronting on Main street, between Market and Walnut, which was also a part of the property conveyed by Madame Chouteau. To Therese, with other property, he divided the western portion of the Tontine property, running from Main street to the alley. This property was subject to the provisions of the marriage contract between Gabriel Paul and his wife, and after the fire, in 1849, was covered with buildings by Taylor, the plaintiff, costing some $22,000.

During the latter part of the year 1847, Taylor, the plaintiff, demanded of Ulrici his share of the rents of the Tontine property, held by Ulrici and wife, under the deed of gift above mentioned from G. Paul.

On the 11th January, 1848, R. W. Ulrici and his wife, defendants, by a deed conveyed all their interest in the Tontine property, including as well that which Taylor and wife had, under the will, as that held by themselves, under the deed of gift, to A. C. M. Ulrici, the father of the defendant, of that name, who, immediately thereafter, reconveyed the same to the said R. W. Ulrici.

Many deliberate acts were done by Ulrici and wife, recognizing the validity of the will of G. Paul; such as conveying away the property devised to his wife by the will, and reciting in the conveyances that it was devised to them, receiving legacies and distributive shares, &c.

R. W. Ulrici knew of the improvements made by Taylor on his wife's portion of the Tontine property.

Estelle and Therese were married before their father died, who acquired, after his wife's death, other real estate of considerable value, which was devised among his children.

The petition of the plaintiffs prayed that Ulrici and wife might be declared to have elected to take under the will of G. Paul, and that they be compelled to abide by the same, and that all claim of Ulrici and wife to that portion of the Tontine property devised to Therese, wife of Taylor, may vest in her absolutely ; and in case it should be found that no election had been made, that they be required to make one, whether they will take under and according to the will.

Ulrici and wife, in their answer, submit to abide by the will, if the title to their portion of the Tontine property, derived from G. Paul, by deed of gift, should be confirmed to them. They insist that the deed and will should be taken together, and the two instruments regarded as the disposition made by Paul of his entire estate. Adolph Paul, the son, a defendant, is willing to abide by the will.

The court declared, as an inference from the facts found, that there was no connection between G. Paul's will and the deed to Estelle, the wife of Ulrici, for the eastern portion of the Tontine property ; that the children of Mrs. Paul had an equitable interest in one half of the Tontine property, it having been acquired during her marriage with G. Paul ; that Ulrici and wife had elected to take under the will, and decreed that all their title in that portion of the Tontine lot, devised to Therese, wife of Taylor, vest in said Therese.

1. The plaintiffs' bill is one which, under the old system, was styled a bill of peace. Courts of chancery have, unquestionably, a jurisdiction to quiet men in the possession and enjoyment of their estates, when a suitable case is presented for that purpose. But the object of this proceeding is not to be quieted. The defendants, Ulrici and wife, are willing to acquiesce in the disposition of his entire estate, as made by G. Paul in his will and the deed of gift, but object to the partial interference sought by the plaintiffs, which asks the settlement of the rights

7—VOL. XIX.

of the parties under the will, only disconnected with all consideration of deed of gift.

It cannot be disguised that the design of the plaintiffs is, to have the disposition of the estate made by the will established, in order that, in claiming their share of the Tontine property, conveyed to Ulrici's wife by the deed of gift, they may incur no risk of losing the share of that property which they derived from the will. The Tontine property having been acquired during G. Paul's marriage, on the death of his wife, one half of it, according to the terms of the marriage contract, belonged to their children. That entire property is given to Ulrici and Taylor's wives. Ulrici's wife obtained her part by deed, and the part of Taylor's wife came by the will. Then Taylor and wife ask that the defendants may be compelled to abide by the will, which will prevent them from claiming any share in the portion of the Tontine property owned by Taylor's wife, while the share of Ulrici and wife, not being derived from the will, will be exposed to the claim of Taylor and wife. So that, it appears, so far from this being a procedure in the nature of a bill of peace, it is one to enable the plaintiffs to commence a litigation without risking a right, which they should justly risk, in the event they should seek to disturb the disposition of his property, as made by Gabriel Paul.

We do not feel that we are authorized to decide the rights of the parties in this form of proceeding. We determine that no case is presented which warrants the equitable interference of the courts. If the deed has no connection with the will, as has been said, cannot we see the injury we do the defendants by interfering to the extent asked by the plaintiffs.

The deed and the will make an entire disposition of G. Paul's estate among his children. In that disposition, he has given property belonging to Taylor and wife to Ulrici and wife, and he has given property belonging to Ulrici and wife to Taylor and wife. Now where is the equity in confirming Taylor and wife in their possession, vesting in them Ulrici and wife's title to their land, and leaving Ulrici and wife exposed to the demand

of Taylor and wife against their property? That such a consequence would follow from the interference of a court of equity, is a reason why it should not interpose its aid in the manner required. The plaintiffs say that Ulrici and wife cannot have affirmative relief in this action; that they cannot set up their deed, and that it is against the rules of chancery practice. Now, as the deed of gift to Ulrici's wife is in the cause, if it cannot be used, does it not follow that this is no case for the equitable interference of a court? The same liberality of intendment which found that Ulrici and wife acquiesced in the will, might have found that Taylor and wife acquiesced in the deed, notwithstanding his claim for rent. As Ulrici and wife are willing to submit to the disposition of his estate made by G. Paul, and as the plaintiffs, under the pretence of being quieted in their possession, are seeking to protect themselves with a shield, which will enable them to assail the rights of others with impunity, no ground is furnished for the interposition of a court of equity.

The case, as presented here, with the decree below, shows that it has not been treated as one to compel an election. The court below found that there had been an election, and decreed accordingly. As a remedy to compel an election, which we regard as of equitable cognizance, the objections urged against it, as a mode of redress, in the nature of a bill *quia timet,* equally apply. We do not consider that the defendants have asserted a claim to the property held by the plaintiffs, in such a manner as would require a court to compel them to elect, in a case otherwise suitable. They are willing to be quiet if the plaintiffs will be so. If they have asserted a claim to the property in the possession of the plaintiffs, it was only in response to one asserted by the plaintiffs to the property held by them. We determine no rights between the parties; we only declare that the plaintiffs are not entitled to the advantage they seek by this action.

Judge Ryland concurring, the decree is reversed, and the bill dismissed. Judge Gamble not sitting.